JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Crystal Powell

**(b)** County of Residence of First Listed Plaintiff   Delaware , PA

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Vicki Piontek, Esquire
951 Allentown Rd, Lansdale PA 19446 877-737-8617

## DEFENDANTS

Credit Collection Services, Inc.

County of Residence of First Listed Defendant   Middlesex, MA

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Sarah E. Holmes, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, Philadelphia, PA  19103  215-575-2757

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | **SOCIAL SECURITY** | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 861 HIA (1395ff) | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Franchise | | | ☐ 862 Black Lung (923) | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | | ☐ 893 Environmental Matters |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | ☐ 871 IRS – Third Party 26 USC 7609 | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE
May 11, 2012

SIGNATURE OF ATTORNEY OF RECORD
Sarah E Holmes

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

       (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

       (c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                            Brief Description: <u>Unauthorized reception of cable service</u>

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CRYSTAL POWELL**

              Plaintiff,

   **vs.**

**CREDIT COLLECTION SERVICES, INC., JOHN DOES 1-10 AND X, Y, Z CORPORATIONS**

              Defendants.

**Civil Action No.**

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Credit Collection Services, Inc., by and through its Counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., hereby removes the action entitled <u>Crystal Powell v. Credit Collection Services, Inc., John Does 1-10 and X,Y,Z Corporations</u>, docket no. 12-51130, as filed in the Court of Common Pleas of Delaware County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.    On or about April 5, 2012, Plaintiff filed a Summons in the Court of Common Pleas of Delaware County, Pennsylvania with a Complaint filed on April 10, 2012. On or about April 13, 2012 a First Amended Complaint was filed.  A true and correct copy of Plaintiff's Amended Complaint in the Action is attached hereto as Exhibit "A."

2.     Credit Collection Services, Inc. (CCS) first received notice of the Action on or around April 18, 2012, when it was served with Plaintiff's Amended Complaint via certified mail.

3.     Based on the foregoing, CCS has timely filed this Notice of Removal within thirty days of being served with the Amended Complaint.  <u>See</u> 28 U.S.C. § 1446(b).

4.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Credit Collection Services, Inc. pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged, *inter alia,* that Credit Collection Services, Inc. violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting a claim that arises under federal law.

5.     In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Delaware County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.     Pursuant to 28 U.S.C. § 1446(d), Credit Collection Services, Inc. will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Delaware County Court of Common Pleas.

**WHEREFORE**, Defendant, Credit Collection Services, Inc., notifies this Court that this cause is removed from the Court of Common Pleas of Delaware

County, Pennsylvania to the United States District Court for the Eastern District of  Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By:   _Sarah E. Holmes_
SARAH E. HOLMES, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2757 / (215) 575-0856 (f)
seholmes@mdwcg.com
Attorney for Defendant,
Credit Collection Services, Inc.

Dated: **May 11, 2012**
01/7886943.v1

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Crystal Powell                                    :
c/o Piontek Law Office                            :
951 Allentown Road                                :
Lansdale, PA 19446                                :
Vs.                    Plaintiff                  :
Credit Collection Services, Inc.                  :
Two Wells Avenue                                  :
Newton, Massachusetts 02459                       :        Jury Trial Demanded
and                                               :
John Does 1-10                                    :
(address unknown)                                 :        12-51130
and                                               :
X,Y,Z Corporations                               :
(address unknown)                                 :
                       Defendant(s)               :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE
CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN
TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY
ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO
SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY
CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE
DEFENDANT.   YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania
Central Administration: 625 Swede Street, Norristown, PA 19401
Phone: 610-275-5400, Fax: 610-275-5406

Delaware County Location: 410 Welsh Street - Chester, PA 19013
610-874-8421          Fax: 610-490-6915

IN THE COURT OF COMMON PLEAS
OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

*FILED*

2012 APR 13 AM 11: 21

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

Crystal Powell
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA 19446
              Plaintiff

Vs.

Credit Collection Services, Inc.
Two Wells Avenue
Newton, Massachusetts 02459        :     Jury Trial Demanded
and
John Does 1-10
(address unknown)
and                      :     12-51130
X,Y,Z Corporations
(address unknown)
            Defendant(s)

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s)'

    alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.

    (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt

    Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant(s) obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Crystal Powell, an adult individual with a current mailing address of c/o Piontek Law Office, 951 Allentown Road, Lansdale, PA 19446.

8. Defendant is Credit Collection Services, Inc., a business entity engaged in the practice of debt collection throughout the United States, with a business address including but not limited to Two Wells Avenue, Newton, Massachusetts 02459     .

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

**COUNT ONE:  VIOLATION OF THE TELEPHONE
CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.**

11. The previous paragraphs are incorporated by reference and made a part of this complaint.

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice---
> ***
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (3) **Private right of action**
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State---

(A) an action based on a violation of this subsection or the
regulations prescribed under this subsection to enjoin such
violation,
(B) an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such
violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly
violated this subsection or the regulations prescribed under
this subsection, the court may, in its discretion, increase the
amount of the award to an amount equal to not more than 3
times the amount available under subparagraph
(B) of this paragraph.

15. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and

prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are

permitted only if the calls are made with the "prior express consent" of the called party. *In

the Matter of Rules and Regulations Implementing the Telephone Consumer Protection

Act of 1991 ("FCC Declaratory Ruling"),* 23 F.C.C.R. 559, 23 FCC Rcd. 559,43

Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

16. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

wireless number was provided by the consumer to the creditor, and that such number was

provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling,* 23

F.C.C.R. at 564-65 (10).

17. According to findings by the Federal Communication Commission ("FCC"), the agency

Congress vested with authority to issue regulations implementing the TCP A, such calls are

prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be

costly and inconvenient. The FCC also recognized that wireless customers are charged for

incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

19. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

20. At a certain time, prior to the events that lead to the filing of this action, Plaintiff's former spouse, but not Plaintiff, engaged in a certain consumer credit transaction.

21. The account for such consumer credit transaction went into collections, and the account was referred to Defendant(s) for the purpose of collection.

22. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

23. At no time did Plaintiff's spouse provide Defendant(s) with Plaintiff's cell phone number.

24. At no time did Plaintiff provide the original alleged creditor for the account with Plaintiff's cell phone number.

25. At no time did Plaintiff's former spouse provide the original alleged creditor with Plaintiff's cell phone number.

26. At no time did Plaintiff give Defendant(s) express consent to contact Plaintiff on Plaintiff's cell phone number.

27. At no time did Plaintiff's former spouse give Defendant(s) express consent to contact Plaintiff on Plaintiff's cell phone number.

28. At no time did Plaintiff give the original alleged creditor express consent to contact Plaintiff at Plaintiff's cell phone number.

29. At no time did Plaintiff's former spouse give the original alleged creditor express consent to contact Plaintiff at Plaintiff's cell phone number.

30. It is believed and averred that Defendant(s) used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

31. It is believed and averred that Defendant(s) may have used data provided by one or more credit reporting agencies to search for Plaintiff's former spouse's cell phone number, and that Defendant found Plaintiff's cell phone number instead,  Defendant then input Plaintiff's cell phone number and used such number to call Plaintiff's cell phone.

32. It is believed and averred that Defendant(s) may have used data provided by one or more skip tracing software providors to search for Plaintiff's former spouse's cell phone number, and that Defendant found Plaintiff's cell phone number instead,  Defendant then input Plaintiff's cell phone number and used such number to call Plaintiff's cell phone.

33. It is believed and averred that Defendant(s) may have used data provided by one or more skip tracing service entities to search for Plaintiff's former spouse's cell phone number, and that Defendant found Plaintiff's cell phone number instead,  Defendant then input Plaintiff's cell phone number and used such number to call Plaintiff's cell phone.

34. Not knowing for sure what Plaintiff's former spouse's telephone number was, Defendant assumed Plaintiff's cell phone number to be the number for Plaintiff's former spouse.

35. Defendant acted on such assumption, and input Plaintiff's cellphone number into Defendant's computer system, and associated such cell phone number with Plaintiff's former spouse.

36. Defendant's assumptions were incorrect.

37. Defendant's assumptions were reckless.

38. Plaintiff's assumptions were negligent at best.

39. Defendant contacted Plaintiff on Plaintiff's cellular telephone numerous times in an effort to contact Plaintiff's former spouse.

40. 47 U.S.C. § 227(b)(1)(A) defined an "automatic dialing system" as follows.

> (a) Definitions
> As used in this section -
> (1) The term "automatic telephone dialing system" means equipment which has the capacity -
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers.

41. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

42. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

43. All of the calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

44. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

45. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

46. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

47. Plaintiff believes and avers that Plaintiff received no less than 20 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

## COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,

## 15 USC 1692 f, et. seq.

48. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

49. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

50. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

51. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff's former spouse.

52. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt.

53. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

54. Plaintiff has standing to sue under the FDCPA because Plaintiff was affected by Defendant's unlawful collection activity, 15 USC 1692k.

## LIABILITY

55. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

56. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

57. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

58. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

59. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

60. Any mistake made by Defendant would have included a mistake of law.

61. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

62. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

63. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

64. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k.

65. Plaintiff believes ad avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

66. Plaintiff believes and avers that there was at least 20 separate automated telephone calls from Defendant(s) to Plaintiff's cell phone, thereby warranting $10,000 in statutory damages.

67. Defendant's barrage of automated calls to Plaintiff's cellphone caused Plaintiff to be distracted numerous times while at work, during personal errands, during family activites and while driving.

68. Plaintiff suffered aggravation, annoyance and some emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

69. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

70. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

71. Plaintiff's attorney fees of $1,400 at a rate of $350.00 per hour, are enumerated below.

a. Consultation with client                                              1

b. Drafting, editing, review, filing
   and serving complaint and related documents              1

c. Follow up With Defense                                          2
                                                         _____

                                                4    x $350 = $1,400

72. Plaintiff's attorney fees continue to accrue as the case move forward.

73. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

74. The previous paragraphs are incorporated by reference and made a part of this Complaint.

75. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

76. Plaintiff seeks injunctive relief barring further unlawful collection activity.

77. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

78. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $12,401.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$10,000 statutory damages under TCPA

$1,400.00 attorney fees

_____

$12,401


Plaintiff seeks such other relief as the Court deems just and fair.



Vicki Piontek                    4-11-2012
Vicki Piontek, Esquire           Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com



Pinnick LAW OFFICE
951 Allentown Rd
Lansdale, PA 19446

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7011 3500 0002 3160 2890

RETURN RECEIPT
REQUESTED



UNITED STATES
POSTAL SERVICE

02459

U.S. POSTAGE
PAID
LANSDALE, PA
19446
APR 14, 12
AMOUNT

**$6.80**

00028389-98

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **CRYSTAL POWELL** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CREDIT COLLECTION SERVICES.,** | : | **NO.** |
| **ET AL.** | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.            ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                  ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                          ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                             ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.   (X)

| | | Credit Collection Services, Inc. |
|---|---|---|
| May 11, 2012 | *Sarah E. Holmes* | |
| Date | Attorney-at-law | Attorney for Defendant |
| | Sarah E. Holmes, Esquire. | |
| | | seholmes@mdwcg.com |
| (215) 575-2757 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

551629

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See § 1.02(e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff _____ Crystal Powell c/o Vicki Piontek, Esquire - 951 Allentown Road, Lansdale, PA 19446 _____

Address of Defendant _____ Credit Collection Services, Inc. c/o Sarah E. Holmes, Esquire - 1845 Walnut Street, 17th Fl., Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction _____ Delaware County, PA _____
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))  Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐  No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?  Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| | | |
|---|---|---|
| A. | *Federal Question Cases:* | |
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts |
| 2. | ☐ | FELA |
| 3. | ☐ | Jones Act-Personal Injury |
| 4. | ☐ | Antitrust |
| 5. | ☐ | Patent |
| 6. | ☐ | Labor-Management Relations |
| 7. | ☐ | Civil Rights |
| 8. | ☐ | Habeas Corpus |
| 9. | ☐ | Securities Act(s) Cases |
| 10. | ☐ | Social Security Review Cases |
| 11. | ☒ | All other Federal Question Cases |
| | | (Please specify)    FDCPA |

| | | |
|---|---|---|
| B. | *Diversity Jurisdiction Cases* | |
| 1. | ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Other Personal Injury (Please specify) |
| 7. | ☐ | Products Liability |
| 8. | ☐ | Products Liability – Asbestos |
| 9. | ☐ | All other Diversity Cases |
| | | (Please specify) |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ Sarah E. Holmes, Esquire _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE ___ May 11, 2012 ___   ___ Sarah E. Holmes ___   ___ 202587 ___
                               Attorney-at-Law              Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE ___ May 11, 2012 ___   ___ Sarah E. Holmes ___   ___ 202587 ___
                               Attorney-at-Law              Attorney I.D. #

01/7886972.v1